UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | No.: 3:07-CR-77-PLR-HBG |
| | ) | |
| John L. Symonds., | ) | |
| | ) | |
| *Defendant*. | ) | |

### **Memorandum and Order**

This matter is before the court on the defendant's motion for record expungement or judgment modification. [R. 15]. On August 3, 2007, the defendant pled guilty making a materially false statement in violation of 18 U.S.C. § 1001. [R. 6]. On December 18, 2007, he was sentenced to two years of probation. [R. 11]. In support of his present motion to expunge his record or modify the judgment, the defendant contends his criminal record prevents him from travelling to Canada, which is necessary for his job.

Federal Courts are tribunals of limited jurisdiction, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), and this Court "lack[s] ancillary jurisdiction over motions for expungement that are grounded on purely equitable considerations – e.g., motions alleging that the movant has maintained good conduct and that the record of arrest harms the movant's employment opportunities." *United States v. Field*, 2014 WL 2898529, at *3 96Th Cir. June 27, 2014) (citing *United States v. Lucido*, 612 F.3d 871, 874 (6th Cir. 2010)). Because the defendant's ground for expungement relates

exclusively to his ability to travel to Canada for work, this Court lacks jurisdiction over the matter. Accordingly, the defendant's motion, [R. 15], is **Denied**.

    **It is so Ordered.**

                                          */s/ Pamela L. Reeves*
                                    UNITED STATES DISTRICT JUDGE

2

Case 3:07-cr-00077-PLR-HBG   Document 17   Filed 08/18/14   Page 2 of 2   PageID #: 29